THE CENTRAL NATIONAL BANK OF RICHMOND, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108031.    Promulgated December 15, 1942.

*R. E. Cabell, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

**OPINION.**

Smith, *Judge:* The question presented is whether the petitioner is entitled to deduct from its gross income of 1939, $200,001 representing claimed indebtedness of the building corporation to it which was charged off on its books of account pursuant to an order of a bank examiner to the extent of $200,000. The petitioner maintains that it has never ascertained any part of the debt to be worthless, that the note evidencing the debt has always been worth its face value, and that it will eventually be paid in full, together with interest at the rate of 3 percent per annum.

The petitioner claims the deduction of the $200,001 referred to above under section 23 (k) of the Revenue Act of 1938 as interpreted by

Regulations 101, article 23 (k)–1, as amended by Treasury Decision 4978, providing in part as follows:

(c) Where banks or other corporations which are subject to supervision by Federal authorities (or by State authorities maintaining substantially equivalent standards) in obedience to the specific orders of such supervisory officers charge off debts in whole or in part, such debts shall be conclusively presumed, for income tax purposes, to be worthless or recoverable only in part, as the case may be, but in order that any amount of the charge-off may be allowed as a deduction for any taxable year it must be shown that the charge-off took place within such taxable year. But no such debt shall be so conclusively presumed to be worthless or recoverable only in part, as the case may be, if the amount so charged off is not claimed as a deduction for the taxable year in which such charge-off takes place. * * *

Section 23 (k) of the Revenue Act of 1938 and of the Internal Revenue Code was amended by section 124 of the Revenue Act of 1942. As amended, the section permits the deduction from gross income of:

* * * Debts which become worthless within the taxable year; or (in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part which becomes worthless within the taxable year, as a deduction. * * *

By subdivision (d) of section 124 the amendment as above quoted is declared to "be effective with respect to taxable years beginning after December 31, 1938."

Were it not for the change in section 23 (k) effected by the amendment of section 124 of the Revenue Act of 1942, adverted to above, we think there might be a serious question as to whether the petitioner is entitled to the deduction from gross income of 1939 of at least $200,000. The bank examiner required the petitioner to charge that amount off in 1939 and it was charged off pursuant to his order. It is to be observed, however, that under section 23 (k) of the Revenue Act of 1938 debts may not be deducted from gross income except where they are ascertained to be worthless and charged off within the taxable year. There was no ascertainment of worthlessness by the petitioner in 1939 of any part of the $600,000 note given to it by the building corporation. Must the Commissioner's regulation be given effect where there is no ascertainment of worthlessness by the taxpayer?

There is a further question presented as to whether the $600,000 indebtedness to the petitioner of the building corporation is such a debt as was contemplated by article 23 (k)–1 of Regulations 101, as amended by Treasury Decision 4978. Quite clearly in this case the petitioner's investment in the stock of the building corporation was changed into a note indebtedness without the petitioner lending the building corporation any cash. The building corporation was a completely owned subsidiary of the petitioner. In the circumstances of the case, should the Government look through the form of this proceed-

ing to actualities as was done in the case of *Higgins* v. *Smith*, 308 U. S. 473? In that case it was held that an individual who owned all the shares of stock of a corporation was not entitled to deduct a loss representing the difference between the cost of shares to him and the sale price of those shares to his own corporation. The Supreme Court said:

\* \* \* The Government may look at actualities and upon determination that the form employed for doing business or carrying out the challenged tax event is unreal or a sham may sustain or disregard the effect of the fiction as best serves the purposes of the tax statute. \* \* \*

The regulation of the Commissioner solely relied upon by the petitioner in this case was based upon section 23 (k) of the Revenue Act of 1938, which was incorporated in the Internal Revenue Code under the same section number. Since that provision of the law has now been amended by section 124 of the Revenue Act of 1942, it must be held that article 23 (k)–1 of Regulations 101 has been abrogated. We think that the respondent properly disallowed the claimed deduction.

*Decision will be entered for the respondent.*